**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: Roger Levi Blanding ) | CASE NO: **16-00185-jw** |
| ) | CHAPTER: **13** |
| 130 Blanding Road ) | |
| St. Stephen, SC 29479 ) | **NOTICE, CHAPTER 13 PLAN, MOTIONS TO VALUE** |
| ) | **SECURITY, AVOID JUDICIAL LIEN, AVOID A** |
| ) | **NONPURCHASE MONEY, NONPOSSESSORY** |
| ) | **SECURITY INTEREST AND LIEN, AND/OR TO** |
| ) | **ASSUME OR REJECT AN EXECUTORY** |
| DEBTOR(S) ) | **CONTRACT/UNEXPIRED LEASE** |
| ) | |

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

     A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Courts form plan (See exhibits to SC LBR 3015-1 and 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics.  Deletions are noted as Not Applicable or by striking through the deleted provisions.  If changes to this form or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

     B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is filed. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

1<sup>st</sup>Franklin Financial
OneMain Financial
Republic Finance, LLC
Springleaf
World Finance

     A.     **Nonpossessory, Nonpurchase-Money Lien:** The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| **1<sup>st</sup>Franklin Financial** | $850.00 | $32,768.70 | $850.00 | $3,052.00 | $0.00 | $3,052.00 |
| **OneMain Financial** | $850.00 | $21,003.20 | $850.00 | $14,817.50 | $0.00 | $14,817.50 |

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural if there are joint debtors in the case.

| | | | | | |
|---|---|---|---|---|---|
| **Republic Finance, LLC** | $850.00 | $27,476.70 | $850.00 | $8,344.00 | $0.00 | $8,344.00 |
| **Springleaf** | $850.00 | $26,663.50 | $850.00 | $9,157.20 | $0.00 | $9,157.20 |
| **World Finance** | $850.00 | $35,370.70 | $850.00 | $450.00 | $0.00 | $450.00 |

      B.    **Judicial Lien:**  The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/avoidable liens | Applicable Exemption and Code Section | Value of the Debtors interest in property | Judicial lien Not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| N/A | | | | | | |

      C.    **Valuation of Security:**  The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Holder and amount of superior liens | Estimate of creditors claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| N/A | | | | | |

      D.    **Assumption or Rejection of Executory Contract/Unexpired Lease**: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| | | | | |

**III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.**

      A.  Payments from the debtor to the chapter 13 trustee (the "trustee"): The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

      The debtor shall pay to the trustee the sum of **$ 1,625.00** per month for a period of **sixty (60)** months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

      B. Payments from the debtor directly to creditors: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to

---

    [2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. Attorney for the debtor:

1. The debtor and the debtors attorney have agreed to an attorney's fee in the amount of **$3,500.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $**1,800.00** was paid prior to the filing of the case. The remaining fee **of $1,700.00** shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorneys compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

2. If, as an alternative to the above treatment, the debtors attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

B. Secured Creditor Claims: The plan treats secured claims as follows:

1. General Provisions: The terms of the debtors pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

2. Long-term or mortgage debt. No default: The debtor is current on obligations to (creditor name) and will continue regular payments directly to that creditor. Description of collateral:

3. Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5):

a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditors allowed claim or as otherwise ordered by the Court to **Seterus** at the rate of **$78.00** or more per month, for **130 Blanding Road, St. Stephens, SC 29479** along with **0**% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

b. Maintenance of regular non-arrearage payments. Beginning **February 2016**, the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

4. Secured portion of claims altered by valuation and lien avoidance: The trustee shall pay the sum of _____ or more per month, along with 5.25% interest until the secured claim of _____ established above is paid in full. The

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

remaining portion of the allowed claim will be treated as a general unsecured claim.

    5. Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien): The trustee shall pay **Heritage Trust Federal Credit Union** the sum of **$278.00** or more per month, along with **5.05% (contract rate)** interest until the allowed secured claim is paid in full.

    The trustee shall pay **Heritage Trust Federal Credit Union** the sum of **$164.00** or more per month, along with **5.25%** interest until the allowed secured claim is paid in full.

    6. Surrender of property: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property:

    **Timeshare at 911 Riverwood Drive Unit 4A to Zealandia Capital, Inc.**
    **Debtor's son shall continue to maintain payments to Heritage Trust for the 2004 Toyota Corolla**.

Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

    7. Secured tax debt:   The trustee shall pay (creditor name) the sum of $ (payment amount) or more per month until the (net balance or value) of creditors secured claim plus (percentage) % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.
  **N/A**

  C. Priority Creditors: Priority claims shall be paid as follows:

    1. Domestic Support Claims. 11 U.S.C. § 507(a)(1): **N/A**

    a.  Pre-petition arrearages.  The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ (amount) or more per month until the balance, without interest, is paid in full.

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C § 101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11U.S.C. § 1322(a)(2).)

    2. Other Priority debt. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

  D. Executory Contracts and Unexpired Leases: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ (payment amount) or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.   **N/A**

  E. General Unsecured Creditors: General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor **does not** propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:**  Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Dated: January 15, 2016

s/ *Wendi M. Freeman*
Wendi M. Freeman, Esq., Atty. for Debtor
1040 eWall Street
Mt. Pleasant, SC 29464-3046
(843) 849-1900
Dist. Court ID #5336

*/s/ Roger Levi Blanding*

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the court.

VIA ECF:

James M. Wyman, Esq.
Chapter 13 Trustee
PO Box 997
Mount Pleasant, SC 29465-0997

VIA U.S. MAIL:

SC DEPT OF REVENUE & TAXATION
PO BOX 12265
COLUMBIA SC 29211-2265

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATION
PO BOX 7346
PHILADELPHIA PA 19101-7346

1ST FRANKLIN FINANCIAL
PO BOX 1798
MONCKS CORNER SC 29461-1798

ALLIANCE ONE RECEIVABLES
MANAGEMENT INC
4850 STREET RD, STE 300
PO BOX 9475
TREVOSE PA 19053

ARS NATIONAL SERVICES INC
PO BOX 469100
ESCONDIDO CA 92046-9100

BERKELEY COUNTY TAX COLLECTOR
PO BOX 6122
MONCKS CORNER SC 29461-6120

BERKS CREDIT & COLLECTIONS INC
PO BOX 329
TEMPLE PA 19560-0329

CAPIO PARTNERS LLC
ATTN BANKRUPTCY
2222 TEXOMA PKWY STE 150
SHERMAN TX 75090-2481

CARDIOLOGY CONSULTANTS
3601 LADSON RD STE 101
LADSON SC 29456-4304

CAROLINA EYECARE PHYSICIANS LLC
2861 TRICOM STREET
NORTH CHARLESTON SC 29406-9172

CHARLESTON RADIOLOGISTS
6120 US HWY 27 N
SEBRING FL 33870-1221

CHARLESTON RADIOLOGISTS PA
25 RYANT BLVD
SEBRING FL 33870-8075

CITI
PO BOX 6241
SIOUX FALLS SD 57117-6241

CITIBANK / SEARS
ATTN: CENTRALIZED BANKRUPTCY
PO BOX 790040
SAINT LOUIS MO 63179-0040

CITIBANK / SEARS
PO BOX 6283
SIOUX FALLS SD 57117

COASTAL PATHOLOGY
PO BOX 30309
CHARLESTON SC 29417-0309

ELLINGTON AT WACHESAW
PLANTATION
PO BOX 630936
CINCINNATI OH 45263-0936

ELLINGTON AT WACHESAW
PLANTATION
C/O PATTON HOSPITALITY
MANAGEMENT INC
1 VANCE GAP RD
ASHEVILLE NC 28805-1227

HERITAGE TRUST FEDERAL CREDIT
UNION
BANKRUPTCY DEPARTMENT
PO BOX 118000
CHARLESTON SC 29423-8000

HERITAGE TRUST FEDERAL CREDIT
UNION
210 MARY MEAD DR
SUMMERVILLE SC 29483-5243

HERITAGE TRUST FEDERAL CREDIT
UNION
6943 DORCHESTER RD
CHARLESTON SC 29418-3432

HRRG
PO BOX 459080
SUNRISE FL 33345-9080

L&L CONTRACTORS
510 W MAIN ST
ANDREWS SC 29510-4421

LOWCOUNRTY UROLOGY CLINICS PA
2687 LAKE PARK DR
CHARLESTON SC 29406-9100

MARY BLANDING
130 BLANDING RD
SAINT STEPHEN SC 29479

MEDICREDIT, INC
PO BOX 1629
MARYLAND HEIGHTS MO 63043-0629

MONCKS CORNER EMERGENCY
PHYSICIANS
PO BOX 740022
CINCINNATI OH 45274-0022

NPAS, INC
PO BOX 99400
LOUISVILLE KY 40269-0400

ONE MAIN FINANCIAL
484 N HIGHWAY 52 STE 111
MONCKS CORNER SC 29461-3984

ONEMAIN FINANCIAL
PO BOX 140489
IRVING TX 75014-0489

ONEMAIN FINANCIAL
PO BOX 499
HANOVER MD 21076-0499

PALMETTO PRIMARY CARE
PO BOX 118088
NORTH CHARLESTON SC 29423-8088

PLANTATION BILLING CENTER
PO BOX 459077
SUNRISE FL 33345-9077

PORTFOLIO RECOVERY
120 CORPORATE BLVD STE 100
NORFOLK VA 23502-4962

PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 12914
NORFOLK VA 23541-0914

REPUBLIC FINANCE LLC
214 ST JAMES AVE STE 150
GOOSE CREEK SC 29445-3082

ROPER ST FRANCIS PHYSICIANS
PO BOX 650292
DALLAS TX 75265-0292

SETERUS
ATTN: BANKRTUPCY DEPT
PO BOX 2206
GRAND RAPIDS MI 49501-2206

SETERUS
14523 SW MILLIKAN WAY
BEAVERTON OR 97005-2344

SOUTHEASTERN SPINE INST ASSO
1106 CHUCK DAWLEY BLVD
MOUNT PLEASANT SC 29464-4183

SPRINGLEAF
1986 PAXVILLE HWY
MANNING SC 29102-6432

SPRINGLEAF
PO BOX 742536
CINCINNATI OH 45274-2536

SYNCHRONY BANK
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896-5060

SYNCHRONY BANK
JC PENNEY
PO BOX 965007
ORLANDO FL 32896-5007

SYNCHRONY BANK/WALMART
ATTN: BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896-5060

SYNCHRONY BANK/WALMART
ATTN: BANKRUPTCY
PO BOX 965024
ORLANDO FL 32896-5024

TARGET CREDIT CARD (TC)
C/O FINANCIAL & RETAIL SERVICES
PO BOX 9475
MINNEAPOLIS MN 55440-9475

TARGET NATIONAL BANK
PO BOX 673
MINNEAPOLIS MN 55440-0673

TRIDENT MEDICAL CENTER
PO BOX 923657
NORCROSS GA 30010-3657

TRIDENT MEDICAL CENTER
PO BOX 740766
CINCINNATI OH 45274-0766

UNIVERSAL CARD / CITI
ATTN: CENTRALIZED BANKRUPTCY
PO BOX 20507
KANSAS CITY MO 64195-0507

WORLD FINANCE
ATTN: BANKRUPTCY DEPT
PO BOX 6429
GREENVILLE SC 29606-6429

ZEALANDIA CAPITAL INC
47 COLLEGE ST
ASHEVILLE NC 28801-2819